

DA 09-0651

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 120N

JERALD DAVIS COCKRELL,

        Petitioner and Appellant,

    v.

STATE OF MONTANA, DEPARTMENT OF
JUSTICE, DRIVER'S LICENSE BUREAU,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2009-417
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        David E. Stenerson, Stenerson Law Office, P.C., Hamilton, Montana

        For Appellee:

        Hon. Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Jeffrey B. Hays, Stevensville City Attorney, Hamilton, Montana

Submitted on Briefs:  May 12, 2010

Decided:  May 26, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jerald Davis Cockrell appeals from the order of the Twenty-First Judicial District Court, Ravalli County, denying Cockrell's petition for the reinstatement of his driver's license. Cockrell challenges only whether the arresting officer had particularized suspicion to conduct the traffic stop of his vehicle. *See* §§ 61-8-402(2), -403(4), MCA.

¶3 In a proceeding for the reinstatement of a driver's license, the court is limited to deciding whether the peace officer making the investigatory stop "had reasonable grounds to believe that the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol, drugs, or a combination of the two and the person was placed under arrest for violation of 61-8-401 . . . ." Section 61-8-403(4)(a)(i). For a peace officer to have reasonable grounds (also referred to as particularized suspicion) for an investigatory stop, "the peace officer must be possessed of: (1) objective data and articulable facts from which he or she can make certain reasonable inferences; and (2) a resulting suspicion that the person to be stopped has committed, is committing, or is about to commit an offense." *Brown v. State*, 2009 MT 64, ¶ 20, 349 Mont. 408, 203 P.3d 842. Whether reasonable grounds

2

exist is a question of fact determined by examining the totality of the circumstances. *Brown*, ¶ 22.

¶4    Here, in summary, Judge Haynes found that at approximately 11:30 p.m. on July 18, 2009, the arresting officer observed Cockrell back his car out of an angled parking space on Main Street in Stevensville. Cockrell's vehicle traveled some distance while straddling the white fog line that separated the angled parking spaces from the driving lane. Following Cockrell's vehicle, the officer observed Cockrell make two very wide turns onto intersecting streets. These wide turns crossed into the opposite lane of traffic. Additionally, Cockrell was observed on two occasions proceeding through a yield sign and coming to a complete stop in the middle of the intersection. The officer conducted his investigative stop based on Cockrell's erratic driving. The court rejected Cockrell's explanation that he was simply driving cautiously toward his home late in the evening on streets that had no marked lines. Similarly, the court rejected Cockrell's other explanations for his driving. The court concluded that the arresting officer had reasonable grounds for the investigative stop.

¶5    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006 which provides for memorandum opinions. It is manifest on the briefs and the record before us that the District Court's factual findings are not clearly erroneous and that the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶6    Affirmed.

/S/ JAMES C. NELSON


We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ MICHAEL E WHEAT
/S/ PATRICIA O. COTTER